IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| HALLIBURTON ENERGY SERVICES, INC., | § § § § | |
| Plaintiff, | § § | Civil Action No. MO-09-CV-053 |
| v. | § § § | |
| DOWNHOLE FLUIDICS, INC., | § § § | |
| Defendant. | § | |

**DOWNHOLE FLUIDICS, INC.'S OPPOSED
MOTION TO COMPEL DOCUMENT PRODUCTION AND
MOTION TO MODIFY COURT SCHEDULING ORDER**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant/Counter-Plaintiff DOWNHOLE FLUIDICS, INC. ("DFI") files this Opposed Motion to Compel Production of Documents as to Plaintiff/Counter-Defendant HALLIBURTON ENERGY SERVICES, INC. ("HES") and Motion to Modify the Court's Scheduling Order and would respectfully show the Court as follows:

**I.
Nature of Action**

1.  This action arises out of a business relationship between HES and DFI involving a specialized oil field tool and technology known as an oscillating tool to clean and treat drilling/production strings and reservoirs close to the drilling and/or production strings in oil and gas wells.

2.  The lawsuit involves complicated and detailed/tedious claims to enjoin and/or seek damages with regard to unfair competition under 15 U.S.C. § 1125(a), unfair competition under common law, misappropriation of trade secrets, copyright infringement under 15 U.S.C. § 1117,

breach of contract, fraudulent inducement, and request for declaratory judgment.

3.     DFI asserts that its trade dress rights and copyrights were used in distinguishing artwork, designs, case histories and promotional material developed and used by DFI in connection with its patented fluidic oscillator tool, as well as fraudulent inducement and breach of contract by HES with regard to a licensing agreement executed between the parties.

4.     HES has similar claims arising out of subsequent use of trade and service marks for a tool it developed from DFI's technology called the PULSONIX, as well as unfair competition and a request to declare DFI's patents invalid.

## II.
## Procedural Background

5.     A Scheduling Order was entered on July 23, 2009. DFI filed a Motion for Continuance with request for New Scheduling Order on August 21, 2009. The Court granted DFI's Motion for Continuance on November 19, 2009 and entered a new scheduling order the same day. The scheduling order does not extend or address Expert Deadlines.

6.     Since early in this case the parties have participated in discovery. HES propounded Requests for Production to DFI on August 12, 2009. DFI propounded Requests for Production to HES on or about September 5, 2009. DFI has learned that additional time will in all likelihood be necessary to review HES' documents and adequately prepare this case for trial due to HES' failure/refusal to timely provide relevant documents sought by DFI in discovery. At the time the Motion was filed, DFI had anticipated timely and proper production of discovery information by HES, and has learned that its assumption was incorrect. HES has done the opposite - delay and more delay.

**III.**
**Motion to Compel Production of Documents**

7.      DFI responded to HES' Requests for Production on September 25, 2009 by producing about 3,000 pages of documents and also attached another approximate 3000 pages to its answers to interrogatories served on HES on or about September 21, 2009. DFI supplemented its Responses to Requests for Production on November 20, 2009 with an additional 11,000 pages of documents. To the best of the knowledge of DFI's principals, DFI has produced all of its documents.

8.      HES responded to DFI's Requests for Production on October 7, 2009 <u>without producing a single page of documents</u>. DFI seeks 134 categories of documents.  Upon speaking with Doug Wilson, one of the counsel for HES, about the lack of documents, he stated that HES had to search through "about a **terabyte** of information" to find the responsive documents. *Emphasis added*. Counsel for HES has indicated that the volume of documents is now down to about 50 to 60 gigabytes of information. Although counsel for DFI can not calculate this amount of paper with any certainty, it is believed 50 to 60 gigabytes of electronic data are equivalent to at least 50 boxes of paper.

9.      On October 28, 2009, for the first time, HES produced <u>996 pages</u> of documents without attributing them to any specific request for production. On November 19, 2009, HES again supplemented its production with <u>350 pages</u>. On November 23, 2009, HES produced the drawings of the Pulsonix *tf* tool. Only a few of the documents produced thus far contain financial and/or damage related information for the tools in question.

10.     Counsel for HES has been made aware that DFI cannot designate experts and give opinions without viewing and analyzing HES's documents.   HES has used delay tactics knowing

that no experts can be designated and reports prepared without these documents and especially financial and damage related documents concerning the use of the tools in question.

11.  In its responses, HES states that it will supplement its responses to Requests for Production. See HES' Responses to DFI's Requests for Production attached hereto as Exhibit "A." HES has known about these categories of documents since early September 2009. In another conversation about producing documents held on Thursday, November 12, 2009, Mr. Wilson stated that the search for documents is ongoing. DFI has yet to see any substantive financial documents concerning the tools in question.

12.  For these reasons, DFI requests that the Court compel HES to produce documents responsive to DFI's requests within 10 days of an order and require HES to designate each document or category of documents for a specific DFI Request for Production.

### IV.
### Motion to Modify Scheduling Order

13.  The deadlines to designate experts set in the Court's original Scheduling Order have passed. The amended scheduling order does not address or extend these deadlines. However, even if HES were to produce the 50 to 60 gigabytes of documents today, it would take a couple of months to review and analyze these documents.

14.  Upon seeking an agreement with HES to agree to an extension of the expert deadlines, its counsel was not necessarily in disagreement, but seemed to want to be DFI's gatekeeper before allowing DFI to designate experts in particular categories and before HES produces its documents. *See*, e-mail dated November 20, 2009 attached hereto as Exhibit "B." HES

wants to interject a new standard on DFI that HES be allowed to determine what documents DFI's experts are allowed to see and whether or not the review of documents is reasonable.

15.   HES should not be allowed to delay the production of documents simply to defeat a proper and timely analysis by DFI's experts. For these reasons, DFI requests that it be allowed an extension of the expert deadlines to designate experts until at least 60 days after HES produces documents.

16.   However, sight unseen, DFI may nevertheless find itself with insufficient time to review and analyze documents, fully identify, retain and provide relevant information to and obtain a proper expert report.

## V.
## Prayer

WHEREFORE, Defendant/Counter-Plaintiff DOWNHOLE FLUIDICS, INC. prays that upon hearing and consideration of this Motion, that the Court grant DFI's Motion to Compel Production of Documents within 10 days requiring HES to designate each document or category of documents for each of DFI's requests and further to extend the expert deadlines in the scheduling order until such time as DFI has had a chance to review the 50 to 60 gigabytes of information and provide it to its experts for analysis.

        Respectfully submitted,
        /s/ Joe Meyer
        Joe W. Meyer
        Texas Bar No. 13992400/Fed. ID No. 9704
        Nathan A. Steadman
        Texas Bar No. 19089450/Fed. Id. No. 13113
        8100 Washington Ave., Suite 1000
        Houston, Texas 77007
        Tel 713.868.2222
        Fax 713.868.2262

**ATTORNEY IN CHARGE FOR DEFENDANT/ COUNTER-PLAINTIFF, DOWNHOLE FLUIDICS, INC.**

**OF COUNSEL:**
MEYER, KNIGHT & WILLIAMS, LLP
8100 Washington Avenue, Suite 1000
Houston, Texas 77007
Tel 713.868.2222
Fax 713.868.2262

## CERTIFICATE OF CONFERENCE

I spoke with Doug Wilson on Friday November 20, 2009 and Les Payne on November 23, 2009, about the expert deadline issues and production issues. Again on November 30, 2009 I spoke with Doug Wilson about these issues but no agreements could be reached. A copy of these Motions were sent to both Les Payne and Doug Wilson on November 20, 2009.

    /s/ Nathan A. Steadman
    Nathan A. Steadman

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of December, 2009, a true and correct copy of Defendant/Counter-Plaintiff Downhole Fluidics, Inc.'s Opposed Motion to Compel production of documents and Motion to Modify the Scheduling Order was served via electronic transmission through CM/ECF to all counsel of record as follows:

Andrew Harper Estes
Steven C. Kiser
LYNCH, CHAPPELLE & ALSUP, PC
300 N. Marienfeld #700
Midland, Texas 79701

Douglas R. Wilson
Leslie V. Payne
HEIM, PAYNE & CHORUSH, LLP
600 Travis, Suite 6710
Houston, Texas 77002

    /s/ Joe Meyer
    Joe W. Meyer