IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| HALLIBURTON ENERGY SERVICES, INC., | § § § | |
| Plaintiff, | § § | Civil Action No. MO-09-CV-053 |
| v. | § § | |
| DOWNHOLE FLUIDICS, INC., Defendant. | § § § | |

### DEFENDANT/COUNTER-PLAINTIFF'S
### THIRD SUPPLEMENTAL OBJECTIONS AND ANSWERS
### TO PLAINTIFF/COUNTER-DEFENDANT'S FIRST SET OF INTERROGATORIES

TO: Plaintiff, Halliburton Energy Services, Inc., by and through its attorney of record, Leslie V. Payne and Douglas R. Wilson, Heim, Payne & Chorush, LLP, 600 Travis, Suite 6710, Houston, Texas 77002.

Defendant/Counter-Plaintiff DOWNHOLE FLUIDICS, INC. ("DFI"), serves these its Supplemental Objections and Answers to Plaintiff/Counter-Defendant HALLIBURTON ENERGY SERVICES, INC.'s ("HES") First Set of Interrogatories.

Respectfully submitted,

/s/ Joe Meyer
Joe W. Meyer
Texas Bar No. 13992400/Fed. ID No. 9704
Nathan A. Steadman
Texas Bar No. 19089450/Fed. Id. No. 13113
8100 Washington Ave., Suite 1000
Houston, Texas 77007
Tel 713.868.2222
Fax 713.868.2262
**ATTORNEY IN CHARGE FOR DEFENDANT/
COUNTER-PLAINTIFF, DOWNHOLE
FLUIDICS, INC.**

**OF COUNSEL:**
MEYER, KNIGHT & WILLIAMS, LLP
8100 Washington Avenue, Suite 1000
Houston, Texas 77007

Tel 713.868.2222
Fax 713.868.2262

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of November, 2009, a true and correct copy of Defendant/Counter-Plaintiff Downhole Fluidics, Inc.'s Third Supplemental Objections and Answers to First Set of Interrogatories was served via electronic mail and U. S. Regular Mail to all counsel of record as follows:

Andrew Harper Estes
Steven C. Kiser
LYNCH, CHAPPELLE & ALSUP, PC
300 N. Marienfeld #700
Midland, Texas 79701

Douglas R. Wilson
HEIM, PAYNE & CHORUSH, LLP
9442 Capitol Texas Hwy North
Plaza 1, Suit 500-146
Austin, Texas 78759

Leslie V. Payne
HEIM, PAYNE & CHORUSH, LLP
600 Travis, Suite 6710
Houston, Texas 77002

/s/ Joe Meyer
Joe W. Meyer

## SUPPLEMENTAL INTERROGATORIES RESPONSES

**GLOBAL STATEMENT:**

In addition to the responses previously provided, these supplemental responses and documents are in support of the interrogatory answers.

2. Explain the basis for your claim that you terminated the License Agreement, including but not limited to identifying all bases under paragraph 5.2 of the License Agreement upon which you claim to have terminated the License Agreement and/or claim to have a right to terminate the License Agreement and explaining why you believe the appropriate subparagraph(s) of paragraph 5.2 is/are satisfied, including identifying relevant evidence and persons with relevant knowledge and identifying any "written notice" of termination you provided to Halliburton of your alleged termination as required by paragraph 5.2 of the License Agreement and explaining why you believe such notice satisfies the requirements of paragraph 5.2.

**ANSWER:** Subject to and without waiving the objections and answers in DFI's Original and First Supplemental Answers to Halliburton's First Set of Interrogatories, DFI supplements its Answers as follows:

DFI did provide written notice of termination of the License Agreement to Halliburton. This document was produced in the group of documents tendered with the Interrogatory Responses and Responses to Request for Production. This is based on Section 5.2(a). Halliburton has refused to provide the required reporting of royalties under the Licensing Agreement and, DFI takes the position that Halliburton has used and benefitted from the licensed patents because it used the Pulsonix 200 on jointed pipe and not coiled tubing and because Halliburton has used other fluidic oscillators and related services without paying royalties. DFI does agree that under Section 5.2(b), a court of competent jurisdiction has not yet determined that Halliburton willfully and/or deliberately violated any provision of the License Agreement.

3. Explain the basis for your contention that "HES is obligated to pay royalties to DFI for sales of all oscillating tools, including without limitation both its oscillating tool and DFI's oscillating tool" in paragraph 80 of DFI's Counterclaim, including but not limited to stating whether Halliburton is obligated to pay royalties to DFI on Halliburton's oscillating tool even if Halliburton's oscillating tool and the services associated therewith are not covered by any claim of any of the Patents-in-Suit either literally or under the doctrine of equivalents and if so, explaining why Halliburton is so obligated.

**ANSWER:** HES is obligated to pay royalties to DFI on its sales of all oscillating tools, including

both DFI's and its own oscillating tool, pursuant to the express terms of the License Agreement. The definition of "Licensed Operation" under the Agreement does not require that the tool and services associated therewith be covered by DFI's patents. Additionally, with regard to HES' reference to "Patents-in-Suit," DFI notes that it has not pled patent infringement.

4. For each Halliburton product or service that you contend infringes, directly or indirectly, or falls within the scope of, any claim of any of the Patents-in-Suit (the "Accused Products or Services"), explain the basis for your contention, including identifying:
   (a) each claim of each patent that the Accused Product or Service allegedly infringes;
   (b) separately for each asserted claim, each allegedly infringing apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of which you are aware, including identifying each product, device, or apparatus by name or model number, if known, and each method or process by name, if known, or practice of the claimed method or process;
   (c) a chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that you contend is governed by 35 U.S.C. §112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;
   (d) whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;
   (e) for any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and
   (f) if you contend that your own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim, including providing a chart showing where each element of each claim is present in your apparatus, product, device, process, method, act, or other instrumentality.

**ANSWER:** Subject to the objections and answers in DFI's Original and First Supplemental Answers to Halliburton's First Set of Interrogatories, DFI supplements its Answers as follows:

DFI has not pled patent infringement, either literal or under the doctrine of equivalents.

13. For each DFI product identified in response to Interrogatory No. 4(f), state the amount of revenues that DFI has received (on a monthly basis) since January 2002 from (a) sales of the product by DFI and each other person who sells such product, including Halliburton, and (b) services provided by DFI utilizing the product and provided by each other person who

4

provides such services and identify documents that evidence such revenues and persons with relevant knowledge of such revenues.

**ANSWER:** Subject to the objections and answers in DFI's Original and First Supplemental Answers to Halliburton's First Set of Interrogatories, DFI supplements its Answers as follows:

DFI has not pled patent infringement, either literal or under the doctrine of equivalents

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| HALLIBURTON ENERGY SERVICES, INC., <br> Plaintiff, <br><br> v. <br><br> DOWNHOLE FLUIDICS, INC., <br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. MO-09-CV-053 |

## VERIFICATION OF ANDY ROWE

THE STATE OF TEXAS   §
COUNTY OF HARRIS    §

BEFORE ME, the undersigned authority, on this day personally appeared ANDY ROWE who being known by me and duly sworn, on his oath, did depose and state as follows:

> "My name is Andy Rowe. I am over the age of eighteen (18) years, and otherwise competent to make this Affidavit. All facts contained in Defendant's Third Supplemental Answers to Plaintiff's First Set of Interrogatories are within my personal knowledge and are true and correct."

FURTHER, AFFIANT SAYETH NOT.

DOWNHOLE FLUIDICS, INC.

DOWNHOLE FLUIDICS, INC.

*[signature]*

Andy Rowe, Authorized Representative

SUBSCRIBED AND SWORN TO BEFORE ME on this the 20 day of November, 2009.



VICKI BECK WARLICK
MY COMMISSION EXPIRES
October 10, 2011

*[signature]* Vicki Beck Warlick
Notary Public in and for the State of Texas